IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on briefs December 3, 2013

## STATE OF TENNESSEE v. CHRISTOPHER B. TUCKER

**Appeal from the Circuit Court for Lauderdale County**
**No. 8773     Joseph H. Walker III, Judge**

**No. W2013-00977-CCA-R3-CD  - Filed December 30, 2013**

The defendant was found by the trial court to be in violation of the terms of his community corrections sentence and ordered to serve the remainder of his sentence in confinement. On appeal, the defendant claims that the trial court abused its discretion by sentencing him to incarceration rather than to rehabilitation. After reviewing the record and the arguments of the parties, we discern no abuse of discretion. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JEFFREY S. BIVINS, JJ., joined.

Melody Oliver Dougherty, Ripley, Tennessee, for the appellant, Christopher B. Tucker.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

On May 10, 2010, the defendant pled guilty to one count of initiating a process intended to result in the manufacture of methamphetamine in violation of Tennessee Code Annotated section 39-17-435, a Class B felony, one count of possession with intent to deliver 0.5 grams or more of methamphetamine in violation of Tennessee Code Annotated section

39-17-417, a Class B felony, and one count of possession of drug paraphernalia in violation of Tennessee Code Annotated 39-17-425, a Class A misdemeanor. The defendant received concurrent sentences on all counts, resulting in a total effective sentence of eight years. Pursuant to his plea agreement, the defendant was ordered to serve several months of his combined sentences in confinement, to be followed by six months in a rehabilitation facility before being released to serve the remainder of his combined terms on community corrections. The defendant was released from jail to begin his rehabilitation on September 17, 2010.

On October 18, 2012, the defendant was arrested for possessing methamphetamine with intent to deliver. On October 29, 2012, the defendant's community corrections officer filed a notice of violation of the terms of the defendant's behavior contract. The petition alleged that the defendant had been arrested on multiple charges, had been absent from the home on numerous occasions, and had failed to: (1) secure a permanent job, (2) pay court fines and costs, (3) attend numerous weekly meetings, and (4) pay supervision fees.

On March 22, 2013, the trial court held a hearing on the motion to revoke the defendant's alternative sentencing. At this hearing, the defendant stipulated to the violations indicated by the State but "request[ed] for the Court to consider allowing him to go back into a rehab program." The defendant then took the stand and provided explanations for his behavior. The defendant testified that he missed meetings with his probation officer because his mother was on dialysis and he lacked transportation. He testified that he had not secured permanent employment because no one would hire him. He testified that he had not paid his supervision fees and court costs because he did not have any money. He testified that whenever he did have money (often due to the kindness of relatives), he would "bring it down." He testified that if the court were to be willing to grant him admission to another long-term treatment program, he would try to get some kind of job or bring whatever money he could.

During cross-examination, the defendant admitted that he had been to rehabilitation before. He testified that he was released about two years ago and that he was " clean for six months whenever [he] got out." He testified that when he went to see his doctor, he was prescribed pain pills, and he became addicted to them. He testified that he "tried to go to detox like three times last year because of an opiate addiction" but that with "nothing to hold" him there, he would just leave whenever he got sick. He testified that his current drug problems involved opiates, not methamphetamine, and he was no longer involved in "meth culture or meth cooking." When asked if he could pass a drug screen if one were to be administered to him that day, the defendant replied "probably." When the prosecutor asked him why he was hesitant about his ability to pass a drug screen after having been in jail for the last five months, he responded: "Yeah, I can pass it. I'm sure. I hope." He later

-2-

acknowledged that he had smoked marijuana once while in jail.

After receiving this evidence, the trial court revoked the defendant's community corrections sentence. A timely notice of appeal was filed. Satisfied the matter is properly before us, we proceed to consider the defendant's claim.

**ANALYSIS**

The defendant claims that the trial court erred by not allowing him to re-enter rehabilitation and instead ordering his incarceration. A trial court may revoke an alternative sentence if it finds by a preponderance of the evidence that the defendant has violated a condition of his or her probation. *See* T.C.A. §§ 40-35-310, -311(e) (2012); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). Probation revocation rests within the sound discretion of the trial court. *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A reviewing court will not overturn a trial court's revocation of a defendant's probation absent an abuse of discretion. *See Shaffer*, 45 S.W.3d at 554. "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.*

In the case *sub judice*, the defendant stipulated to having committed numerous violations of the terms of his community corrections sentence. The trial court therefore did not abuse its discretion by finding the defendant to be in violation of the terms of his alternative sentence.

Upon finding that a defendant has violated the terms of his probation or community corrections, a trial court has the discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also* T.C.A. § 40-35-310(b). The determination of the proper consequence of the violation embodies a separate exercise of discretion. *Hunter*, 1 S.W.3d at 647.

The defendant claims that the trial court erred in deciding the consequences of the defendant's violations because "the best interest of both the public and [the defendant] would be to allow [the defendant] to enter into an intensive rehabilitation program instead of returning [the defendant] to prison." The trial court's decision in this case, however, is not one of the sort that will be second-guessed at the appellate level. The trial court heard testimony from the defendant concerning the reasons for his violations and was in the best position to evaluate his credibility and determine which consequences were in the best

interests of both the defendant and society.  Nothing appearing in the appellate record calls the trial court's decision into question.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JOHN EVERETT WILLIAMS, JUDGE